# HOWARD v. CHARLES J. CASSIDY COMPANY.

EQUITY; PARTIES TO ACTIONS; AUDITOR; WAIVER; RECEIVERS.

1. An officer of a corporation is not a necessary party to its petition for the appointment of a receiver, the corporation being the only necessary party.

2. It is irregular for the equity court to refer a cause to the auditor until the court has heard the evidence and laid down the principles for the guidance of the auditor in making his report and account (following *Baster* v. *Ralston*, 32 App. D. C. 12), but this irregularity will be waived by failing to object to the reference; by appearing before the auditor without objection, and by failing to except to the auditor's report.

3. A corporate officer who, in answer to the petition of a receiver appointed for the corporation, for a rule to show cause why he should not deliver to the receiver corporate property which he had misappropriated, stated that he appeared for the special purpose of answering the rule, attacked the validity of the appointment of the receiver, denied the allegations of the petition, and asked for a reference to the auditor, and who, in response to a supplemental bill for an accounting filed against him by the corporation after the auditor's appointment, but before his report, raised the same issues, but stated that he would, if the court should uphold the receiver's appointment, submit to a judgment against himself for all moneys advanced to him, and who entered his appearance before the auditor, participated in the hearing, and suffered the auditor's report to be confirmed without exception,—cannot be heard to object to a decree against himself upon an order to show cause why a decree should not be entered against him for the amount shown to be due from him by the auditor's report, although he was not a party to the original bill for the appointment of the receiver, and the reference to the auditor was irregular, and at the time of the decree the issues raised by his answers to the rule to show cause and the supplementary petition were pending.

No. 2610.  Submitted February 4, 1914.  Decided March 2, 1914.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, holding an equity court, awarding a personal judgment against him in favor of a receiver.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The Charles J. Cassidy Company filed a bill on December 5, 1912, against the Gettysburg Battle Picture Association, a corporation, alleging an indebtedness of the association to plaintiff, insolvency, etc., and asking that a receiver be appointed. The defendant, by resolution of its directors, acquiesced in the prayer for a receiver, and Homer T. Booth was duly appointed as receiver and directed to take immediate possession of all property of the defendant in the District of Columbia. On December 11, 1912, the receiver filed a petition in said court, alleging misappropriation of the funds of the defendant by certain officers of the corporation, the several amounts of the same, and asked for a rule on said parties, Chancey O. Howard, Gurnon R. Scott, and Edward D. Turnure, to show cause why they should not deliver the same to the receiver.

The parties were served with notice, and answered. The answers of Scott and Turnure need not be recited, as they have not appealed. Howard answered December 17, 1912, prefacing his answer by saying that he appeared specially for the purpose of answering the rule to show cause, and for that purpose only; not admitting or submitting to the jurisdiction of the court for any other purpose, and not admitting the validity of the appointment of the receiver. The answer then proceeds at length to deny the allegations of the petition, explaining the respondent's connection with the defendant and the Auto Delivery Company. The answer concluded as follows: "Wherefore, the premises considered, your respondent prays that this cause may be referred to the auditor of this court in order that a thorough audit and accounting of the books of the said defendant company may be had and affairs of said company may be determined." Reference to the auditor to ascertain

and report "as to the disposition of the assets of the defendant corporation, and by whom and to whom the same were disposed of," was made on the same day.

January 18, 1913, the Cassidy Company filed a supplemental bill making Howard and the Auto Delivery Company parties defendant.

It alleged misappropriation of the funds of defendant by Howard as treasurer of the same, delivery of part of the same to the Auto Delivery Company, over which he exercised exclusive control, and praying that he be made to account for and pay over the same to the receiver; for decree therefor, and for general relief.

Howard answered this petition, February 11, 1913. The answer denied misappropriation of the funds, etc., and concluded: "Saving and excepting all benefits which he has raised as to the appointment of a receiver in this cause, and still maintaining that the said receiver has been improperly appointed, says that should the court determine that the receiver is properly appointed, upon advice of counsel he now stands ready to submit to a judgment against him for all moneys which were loaned and advanced to him for his own personal use in his personal capacity." The report of the auditor was filed March 10, 1913, and shows that Howard was represented by counsel at the hearing. The report recites the history of the organization of the Gettysburg Battle Picture Association, its stock receipts, expenditures, etc. The schedules show the stock paid in, the expenses which were allowed, and the disposition of the surplus to Howard and other officers. No exceptions were filed to the report and it was confirmed by decree March 28, 1913. May 6, 1913, an order was entered requiring Howard and others to show cause why a decree should not be entered against them, respectively, for the several amounts chargeable to them by the terms of said report. Howard answered the rule, reciting a special appearance for that purpose only; and "that he is advised and believes that the court has no power to grant any of the prayers of the plaintiff on which the said rule was issued, because your respondent is not a party to the original

suit filed herein, and is not properly before the court. Your respondent has been made a party to a supplemental bill filed herein. Said supplemental bill prays for all of the relief that is attempted to be secured under the said rule and has never been disposed of although an answer has been filed thereto. And therefore your respondent is advised and believes that this rule is inoperative.

"Wherefore your respondent prays that the said rule be hence dismissed."

May 20, 1913, a decree was entered against Howard for the sum of $5,688.77 as found to be due by him by the said report, to have effect as a judgment at law, from which he has appealed.

*Mr. William J. Neale* and *Mr. James N. England* for the appellant.

*Mr. A. E. L. Leckie, Mr. Joseph W. Cox, Mr. John A. Kratz,* and *Mr. J. T. Sherier* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court.

The brief of the appellant makes the following statement: "The sole question in this cause is, Did the court below have power to enter a decree final and absolute in its effect, upon a rule to show cause when the subject-matter of the cause was pending for a hearing upon the merits?"

We fail to perceive a foundation for this alleged error. There was no reason why Howard should be made a party to the original bill for the appointment of a receiver. The corporation was the only necessary party. It is true that the inquiry into the assets of the corporation had been referred to the auditor before the supplemental bill against Howard had been filed, but it is not true that the auditor's report had then been made. It also appears that Howard entered his appearance before the auditor on December 24, 1912, and participated in the several hearings had thereafter, namely, December 31, 1912, February

6, and February 13, 1913. His answer to the rule to show cause had been filed December 17, 1912; and he answered the supplemental bill February 11, 1913. The auditor's report was not filed until March 10, 1913. The only objection made in his answer to the first rule to show cause was that the court was without jurisdiction to appoint a receiver; but no facts were alleged upon which that objection was founded. It seems that his only objection is that he was not a party to that application. Why he should have been made a party to it does not appear. The corporation was the only necessary party. He filed no exception to the auditor's report, and it was confirmed, but no decree was then entered thereon against him.

On May 6, 1913, he was cited to show cause why a decree should not be entered against him in accordance with said confirmed report. It is true that the proceeding referring the whole matter to hearing by the auditor was irregular in that the court should have heard the evidence and laid down the principles for the guidance of the auditor in making his report and account. *Easter* v. *Ralston,* 32 App. D. C. 12, 19. But the respondent, Howard, made no objection to the reference that had been made and appeared before the auditor at each hearing. He took no exception to the report when presented to the court. In his return to the first rule to show cause he raised again the question of the validity of the receiver's appointment, as we have seen, and as to the determination of his liability for moneys received from the corporation expressly submitted himself to the judgment of the court. There is no irregularity in the proceeding of which he can now complain.

The decree is right, and will be affirmed, with costs.

*Affirmed.*